IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PATRICK AARON BRADDOCK**                                             **PLAINTIFF**

v.                                                          **CAUSE NO. 1:15CV252-KS-RHW**

**KELLY CLARK, GULFPORT POLICE
DEPARTMENT, and UNKNOWN
OFFICERS**                                                                      **DEFENDANTS**

## ORDER DENYING DISCOVERY AND REQUIRING PLAINTIFF TO RESPOND

BEFORE THE COURT are *pro se* Plaintiff Patrick Aaron Braddock's Motion Requesting Production of Documents [6], Motion to Examine Police Officer's Personal File [7], Motion to Obtain Court Transcripts [9], Motion to Obtain Media Transcripts [10], and Motion to Subpoena Witnesses [12]. At the time Braddock initiated this case, he was a pretrial detainee at the Harrison County Adult Detention Center. He brings claims stemming from two arrests and State criminal proceedings. He seeks various documents and subpoenas in this case. The Court has considered Plaintiff's submissions and the relevant legal authority.

All of Braddock's motions seek discovery in this case to prove his claims. The motions are denied as premature at this time. At the time Braddock initiated this case, he was incarcerated, and the Court granted him *in forma pauperis* status on October 15, 2015. Therefore, his pleadings are subject to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915. Upon completion of the initial screening process, the Court will consider the matter of discovery and determine how this case will proceed.

Additionally, the Court has considered and liberally construed the pleadings and is of the opinion that more information is needed in order to assess the allegations. Among others,

Braddock sues the Gulfport Police Department. In Mississippi, a police department is not a separate legal entity which may be sued, rather it is an extension of the city. Miss. Code Ann. § 21-17-1(1) (municipalities are distinct legal entities); Miss. Code Ann. § 21-21-1, et seq. (municipalities may create and fund police departments); *see also Brown v. Thompson*, 927 So. 2d 733, 737 (¶12) (Miss. 2006) (sheriff's department). Accordingly, he shall respond in writing, to the following:

(1) Are you suing the City of Gulfport? If so, how did it violate your constitutional rights?

(2) How did Kelly Clark violate your constitutional rights?

(3) What false statements did Kelly Clark tell the media?

(4) What false statements did Kelly Clark give at your preliminary hearing, and how were you harmed by them?

(5) Provide the (a) name and (b) address of each person you claim falsely arrested you, and (c) explain how he or she did so.

(6) What were you arrested for and when?

(7) What charges are still pending against you?

(8) What crimes were you indicted for as a result of the arrests and searches you complain of?

(9) What is your mother's address?

(10) Provide the (a) name and (b) address of each person you claim illegally searched 800 Hardy Avenue, and (c) explain how each person did so.

(11) Why was 800 Hardy Avenue searched?

(12) What or whom were police looking for in 800 Hardy Avenue?

(13) Provide the (a) name and (b) address of each person you claim illegally searched 706 Hardy Avenue, and (c) explain how he or she did so.

(14)    Why was 706 Hardy Avenue searched?

(15)    What or whom were police looking for in 706 Hardy Avenue?

The responses shall be filed with the Court no later than November 2, 2015.

**IT IS THEREFORE ORDERED** that *pro se* Plaintiff Patrick Aaron Braddock's Motion Requesting Production of Documents [6], Motion to Examine Police Officer's Personal File [7], Motion to Obtain Court Transcripts [9], Motion to Obtain Media Transcripts [10], and Motion to Subpoena Witnesses [12] should be, and are hereby, **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file a response consistent with this Order **no later than November 2, 2015**.  Failure to timely comply with any Order of the Court may result in the dismissal of this case.

**SO ORDERED**, this the 19th day of October, 2015.

                                            s/ Robert H. Walker
                                            UNITED STATES MAGISTRATE JUDGE